■ RICHARD BAYER, Respondent, v DOMINO MEDIA, INC., et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County (Edith Miller, J.), entered January, 19, 1988, which denied the motion of the defendants-appellants to vacate the default judgment entered against them, unanimously reversed, on the law, the facts, and in the exercise of discretion, the default judgment is vacated, and the defendants-appellants are directed to serve their answers within 20 days of service of a copy of this court's order without costs.

Counsel for the defendants attributes his delay in answering the complaint in this commercial matter to a backlog of transferred files during the dissolution of his small law firm, and also to his inability to give prompt attention to the matter in the aftermath of chemotherapy treatments he was enduring in treatment of an illness.

The IAS court deemed these excuses to be "law office failure" and denied defendants' motion to vacate the default, relying on the *Barasch/Eaton* rule that law office failure is insufficient to excuse a default. (*Barasch v Micucci*, 49 NY2d 594; *Eaton v Equitable Life Assur. Socy.*, 56 NY2d 900.) However, that rule was overturned by the adoption of CPLR 2005 and amendment to CPLR 3012 in 1983, and "law office failure" does not now preclude the exercise of discretion to excuse a default.

Under the circumstances present here, where the initial delay was slight and the default was not intentional and where plaintiff has not demonstrated any prejudice, the explanation offered by defendants' counsel was sufficient to excuse the default. Since the defendants have also addressed the

merits of their defenses, the default judgment should be vacated and defendants directed to serve an answer within 20 days. Concur—Sullivan, J. P., Asch, Kassal and Ellerin, JJ.