■ ERIC STEWARD, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [613 NYS2d 408] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Held, J.), dated September 16, 1992, which denied its motion to vacate an order of the same court dated August 4, 1992, which, upon the appellant's default in opposing the motion, granted the petitioner leave to serve a late notice of claim.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, the motion to vacate the order dated August 4, 1992 entered upon the appellant's default is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the merits of the petitioner's application for leave to serve a late notice of claim.

On March 14, 1991, the petitioner was arrested by members of the appellant New York City Housing Authority's police force pursuant to a Federal arrest warrant. He allegedly was subjected to excessive force and sustained personal injuries. On December 13, 1991, the petitioner was acquitted of the Federal charges underlying his arrest.

The petitioner's appointed counsel in Federal court served a notice of claim upon the City of New York on or about June 11, 1991. On or about March 13, 1992, the petitioner commenced an action in Federal court against the City of New York, the appellant, and the individual housing police officers who allegedly caused his injuries. The action against the City of New York was discontinued on consent because it was not responsible for the alleged torts committed by the appellant's employees. Thereafter, the appellant interposed an answer in the Federal action in which it purportedly asserted that the damages action could not be maintained due to the petitioner's failure to timely serve a notice of claim upon it.

By notice of motion dated June 12, 1992, exactly one year and 90 days after the date of the petitioner's alleged injuries, the petitioner moved for leave to serve a late notice of claim on the appellant. The petitioner argued, *inter alia,* that he had made a reasonable mistake in the identity of the correct municipal defendant and that the appellant would not be prejudiced since it already had actual notice of the facts underlying his claim. The petitioner's counsel argued that leave would be appropriately granted pursuant to General Municipal Law § 50-e (5). The appellant served its opposition papers by mail only two days before the return date on the petitioner's motion. By order dated August 4, 1992, the Supreme Court rejected the appellant's untimely opposition papers and granted the petitioner's motion on default.

By order to show cause dated September 3, 1992, the appellant moved to vacate its default. In support of its motion, the appellant, by outside counsel, argued that its opposition was late due to a heavy caseload following a substitution of counsel, and that it had a meritorious defense; namely, that the petitioner's application for leave to serve a late notice of claim was not timely as to intentional torts. The appellant, however, did not develop its argument that the petitioner's application was time-barred. By order dated September 16, 1992, the Supreme Court denied the appellant's motion.

The Supreme Court improvidently exercised its discretion by denying the appellant's motion to vacate the default granting the petitioner leave to serve a late notice of claim. On this record, it is clear that the Housing Authority possessed a reasonable excuse for its failure to serve its opposition papers within the time set in the petitioner's notice of motion *(see,* CPLR 2005; *Nagi v Sze Jing Chan,* 159 AD2d 278; *Davies v Contel of N. Y.,* 155 AD2d 809; *Bayer v Domino Media,* 147 AD2d 413). Moreover, as to the petitioner's intentional tort claims, the appellant possessed a meritorious defense. The application for leave to serve a late notice of claim was made beyond the applicable one-year Statute of Limitations, and thus, the court was without jurisdiction to grant leave as to those claims *(see, Rice v New York City Hous. Auth.,* 149 AD2d 495 [one-year 90-day Statute of Limitations provided in Public Housing Law § 157 (2) is inapplicable to intentional tort claims]). Nor did the petitioner's timely service of its initial notice of claim upon the City of New York toll the running of the Statute of Limitations pursuant to CPLR 203 (b), as the City of New York and the appellant are not united in interest *(Gagliardi v New York City Hous. Auth.,* 88 AD2d 610).

Accordingly, since the appellant possessed both a reasonable excuse for its default and a meritorious defense as to the application for leave to serve a late notice of claim as to the intentional tort claims, the court improvidently exercised its discretion in denying the appellant's motion to vacate its default.

The record on appeal does not contain a copy of the petitioner's complaint in his Federal court action. The record suggests, however, that his complaint also asserted civil rights claims pursuant to 42 USC § 1983 and possibly malicious prosecution claims as well. These are governed by other periods of limitation (see, Rice v New York City Hous. Auth., 149 AD2d, supra, at 497) and as to these claims, the petitioner's motion for leave to serve a late notice of claim was presumably not time-barred. Without a copy of the complaint, however, this issue cannot be ascertained definitively. Accordingly, we remit this matter to the Supreme Court, Kings County, for a determination as to whether the appellant also possesses meritorious defenses as to the petitioner's other causes of action, and for the court to exercise its discretion to determine whether or not to grant the petitioner's motion for leave to serve a late notice of claim as to those causes of action. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.