■ Michael Romanelli, Appellant, v City of New York et al., Respondents. [649 NYS2d 169] —In an action, *inter alia,* to recover damages for intentional interference with medical treatment, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 6, 1995, which denied his separate motions for leave to amend his notice of claim and for leave to amend his complaint.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision that denied the plaintiff's motion for leave to amend the notice of claim and by substituting therefor a provision granting that motion to the

extent of allowing the plaintiff to add the New York City Fire Department to the caption thereof; as so modified, the order is affirmed, without costs or disbursements.

We conclude that it was an improvident exercise of discretion to deny the branch of the plaintiff's motion which was to amend the notice of claim to include the Fire Department in the caption thereof, since it had actual notice of the facts constituting the claim within 90 days and failed to establish any prejudice in maintaining a defense on the merits as a result of the delay (*see,* General Municipal Law § 50-e [5]). In addition, the plaintiff timely served a notice of claim on parties united in interest with the Fire Department (*see, Buran v Coupal,* 87 NY2d 173; CPLR 203 [b], [f]; *cf., Steward v New York City Hous. Auth.,* 205 AD2d 606).

However, the court did not err in denying those branches of the plaintiff's motions which were for leave to amend the notice of claim and complaint to assert claims against the Board of Trustees of the Fire Department Pension Fund (hereinafter Board of Trustees). The plaintiff did not include any claims against the Board of Trustees in his original complaint and the Statute of Limitations to interpose a cause of action against it had expired. In addition, the conditions which must be satisfied in order for the claims against the Board of Trustees to relate back to the claims in the original complaint were not satisfied (*see, Buran v Coupal, supra; Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219).

The remaining proposed amendments to the complaint sought by the plaintiff were time-barred and/or without merit. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.