■ MILDRED LOPEZ, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Defendants. NEW YORK CITY TRANSIT AUTHORITY, Nonparty Respondent. [699 NYS2d 912] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated August 7, 1998, as denied her cross motion for leave to serve a supplemental summons and amended complaint upon the New York City Transit Authority.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was allegedly injured while riding in a bus owned by the New York City Transit Authority (hereinafter the NYCTA). After filing notices of claim against both the NYCTA and the Metropolitan Transportation Authority (hereinafter the MTA) alleging negligence, the plaintiff served the MTA, but not the NYCTA, with a summons and complaint. The MTA moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action, contending that it does not control the daily operation of any mass transit facility in the City of New York. The plaintiff cross-moved for leave to file a supplemental summons and amended complaint naming the NYCTA as a defendant.

The Supreme Court properly denied the plaintiff's cross motion to add the NYCTA as a defendant since the Statute of Limitations had expired (*see,* Public Authorities Law § 1212 [2]). It is well settled that the functions of the MTA and the NYCTA differ and they are not united in interest in this case (*see, Steward v New York City Hous. Auth.,* 205 AD2d 606; *Zaiman v Metropolitan Tr. Auth.,* 186 AD2d 555). Because the MTA and the NYCTA are not united in interest, the relation-back doctrine does not apply (*see,* CPLR 203 [b]; *Buran v Coupal,* 87 NY2d 173; *L&L Plumbing & Heating v DePalo,* 253 AD2d 517; *Desiderio v Rubin,* 234 AD2d 581). Bracken, J. P., Thompson, Friedmann and Smith, JJ., concur.