■ Juan Alejandro Soto, Respondent, v New York City Transit Authority et al., Appellants. [800 NYS2d 419]—

In an action to recover damages for personal injuries, the defendants, New York City Transit Authority and Metropolitan Transportation Authority, appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Satterfield, J.), entered August 29, 2003, as, upon the denial of their motion to dismiss the complaint for failure to establish a prima facie case, and upon a jury verdict on the issue of liability finding them 25% at fault and the plaintiff 75% at fault in the happening of the accident, is in favor of the plaintiff and against them on the issue of liability.

Ordered that the judgment is modified, on the law and as an exercise of discretion, by deleting the provision thereof which is in favor of the plaintiff and against the defendant Metropolitan Transportation Authority on the issue of liability and substituting therefor a provision dismissing the complaint insofar as asserted against that defendant; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff payable by the defendant New York City Transit Authority.

After an evening of drinking with friends, the plaintiff, then 18 years old, and three friends descended the platform at the 33rd Street subway station in Queens and walked on the three-foot wide catwalk next to the train tracks, because they believed the northbound track of the Number 7 train between the 33rd Street and 40th Street stations was not in service. A train approached from behind and struck the plaintiff, who testified that he was running at a speed he estimated as between seven and eight miles per hour. The plaintiff sustained serious injuries.

On a prior appeal, we reversed a judgment in the plaintiff's favor rendered after the first trial, holding that the jury's conclusion that the plaintiff's negligence was not a proximate cause of the accident was against the weight of the evidence (*see Soto v New York City Tr. Auth.*, 295 AD2d 419 [2002]). We granted a new trial based on that finding, and further noted that the trial court had erred in admitting certain testimony of the plaintiff's expert, which was founded on pure speculation.

We agree with the plaintiff's contention on this appeal that the jury's verdict after the second trial was supported by legally sufficient evidence. The plaintiff estimated his running speed based on his two years' experience, before the accident, of regularly running on a treadmill. Because the plaintiff's

estimate was based on his personal knowledge and experience as a runner, it was appropriate for his expert to use the plaintiff's estimate in his calculations (*see Soto v New York City Tr. Auth., supra; cf. Romano v Stanley*, 90 NY2d 444 [1997]). We disagree with the dissent's conclusion that the plaintiff's testimony and the expert's opinion concerning the plaintiff's running speed were based on pure speculation. The factual dispute arising from the plaintiff's estimate of his running speed was a matter for the jury's resolution (*see Swensson v New York, Albany Desp. Co.*, 309 NY 497 [1956]; *Raymond v Henry*, 306 AD2d 336 [2003]).

Further, the disagreement between the parties' experts regarding the distance at which the train operator should have seen the plaintiff and his friends was also a matter for the jury, which heard and observed the experts' testimony, and the jury's resolution of conflicting expert testimony is entitled to great weight (*see Angrand v Stern*, 8 AD3d 218, 219 [2004]; *Gerdik v Van Ess*, 5 AD3d 726 [2004]). The jury's finding that the defendant New York City Transit Authority (hereinafter the NYCTA) train operator could have avoided the accident was supported by legally sufficient evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]).

Finally, the complaint insofar as asserted against the defendant Metropolitan Transportation Authority (hereinafter the MTA) should have been dismissed. The MTA's functions do not involve the daily operations, maintenance, and control of the facilities of the NYCTA, and accordingly, it may not be held liable for the conduct of employees of the NYCTA (*see Cusick v Lutheran Med. Ctr.*, 105 AD2d 681 [1984]; *see also Noonan v Long Is. R.R.*, 158 AD2d 392 [1990]).

The defendants' remaining contentions are without merit. Luciano, Crane and Lifson, JJ., concur.

H. Miller, J.P., concurs in part and dissents in part, and votes to reverse the judgment, grant the defendants' motion to dismiss the complaint for failure to establish a prima facie case, and to dismiss the complaint, with the following memorandum, in which Rivera, J., concurs: I agree with my colleagues that the judgment cannot stand insofar as it was rendered against the defendant Metropolitan Transportation Authority for the reasons the majority states. However, in addition, the complaint insofar as asserted against both defendants should have been dismissed for failure of the plaintiff to establish a prima facie case because, under the circumstances presented, in our view, the plaintiff's own reckless conduct constituted an intervening and unforeseeable act which broke any causal connection be-

tween his injury and any alleged negligence on the part of the defendants (*see Brown v Long Is. R.R.*, 304 AD2d 601, 602 [2003]).

The Supreme Court erred in allowing the plaintiff to testify regarding his estimate of his running speed. He testified that, in the past, he ran 50 to 100 times on a treadmill at a gym. Thus, according to the plaintiff, he knew that he could run seven to eight miles per hour, and that he was running in front of the train at that speed on the evening of the accident. The Supreme Court further erred in permitting the plaintiff's expert to opine, based on the foregoing testimony, that the train operator could have stopped the train 51 feet away from the plaintiff if he was running at eight miles an hour and 37 feet away if he was running at seven miles per hour. The plaintiff's testimony and the expert's opinion were based on pure speculation and conjecture. There was absolutely no foundation to establish that the equipment allegedly previously utilized by the plaintiff at the gym was, in fact, properly calibrated to reflect an accurate speed reading. Further, running conditions on a treadmill in a gym setting are entirely different from those presented at the time of the subject incident.