■ ARKADY FRIDMAN, as Administrator of the Estate of BORIS RAYKHER, Deceased, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendant. [17 NYS3d 467]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Gavrin, J.), entered January 22, 2014, which granted that branch of the motion of the defendants New York City Transit Authority and Metropolitan Transportation Authority which was for summary judgment dismissing the complaint insofar as asserted against them, and denied his cross motion for leave to amend the caption to substitute MTA Bus Company

as the defendant, and to deem the summons and complaint served upon MTA Bus Company, nunc pro tunc.

Ordered that the order is affirmed, with costs.

On January 2, 2012, Boris Raykher (hereinafter the decedent) was a passenger on the Q60 bus traveling on Queens Boulevard at or near its intersection with 63rd Street in Queens. The decedent allegedly was injured when, after leaving his seat to exit, the bus came to an abrupt stop, propelling him forward and causing him to sustain a hip fracture and other injuries. Not long thereafter, the decedent died. In December 2012, the plaintiff, as administrator of the decedent's estate, commenced this action against, inter alia, the New York City Transit Authority (hereinafter the NYCTA) and the Metropolitan Transportation Authority (hereinafter the MTA and, together with the NYCTA, the transit defendants). In April 2013, the transit defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-moved for leave to amend the caption to substitute MTA Bus Company as the defendant, and to deem the summons and complaint served upon MTA Bus Company, nunc pro tunc. The Supreme Court granted that branch of the transit defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiff's cross motion.

Pursuant to the Public Authorities Law, the MTA (*see* Public Authorities Law § 1263 *et seq.*) and the NYCTA (*see* Public Authorities Law § 1201 *et seq.*) are separate public benefit corporations with different functions (*see Soto v New York City Tr. Auth.*, 19 AD3d 579, 581 [2005], *affd* 6 NY3d 487 [2006]). The transit defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence that neither the MTA nor the NYCTA was responsible for the operation, maintenance, or control of the bus on which the decedent allegedly was injured. The subject bus was registered to MTA Bus Company, and while MTA Bus Company is a subsidiary of the MTA, the MTA is not vicariously liable for the torts of its subsidiaries (*see Rampersaud v Metropolitan Transp. Auth. of the State of N.Y.*, 73 AD3d 888 [2010]; *Emerick v Metropolitan Transp. Auth.*, 272 AD2d 150 [2000]). Thus, neither the MTA nor the NYCTA is a proper party to this action (*see Rampersaud v Metropolitan Transp. Auth. of the State of N.Y.*, 73 AD3d 888 [2010]; *Emerick v Metropolitan Transp. Auth.*, 272 AD2d 150 [2000]; *Lopez v Metropolitan Transp. Auth.*, 267 AD2d 359 [1999]; *Noonan v Long Is. R.R.*, 158 AD2d 392 [1990]). In opposition, the plaintiff failed to raise a triable

issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted that branch of the transit defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court also properly denied the plaintiff's cross motion for leave to amend the caption to substitute MTA Bus Company as the defendant and to deem the summons and complaint served upon MTA Bus Company, nunc pro tunc. Since the plaintiff brought the cross motion after the expiration of the one-year statute of limitations in effect at the time the cause of action accrued (see former Public Authorities Law § 1276 [2]), the plaintiff seeks this relief nunc pro tunc pursuant to CPLR 305 (c). However, such relief may be granted only where there is evidence that the correct defendant was served, albeit misnamed in the original process, and that the correct defendant would not be prejudiced by the granting of the amendment (see *Associated Geriatric Info. Network, Inc. v Split Rock Multi-Care Ctr., LLC*, 111 AD3d 861 [2013]; *Smith v Garo Enters., Inc.*, 60 AD3d 751 [2009]). CPLR 305 (c) "cannot be used after the expiration of the statute of limitations as a device to add or substitute an entirely new defendant who was not properly served" (*Associated Geriatric Info. Network, Inc. v Split Rock Multi-Care Ctr., LLC*, 111 AD3d at 862). Contrary to the plaintiff's contention, there is no evidence that MTA Bus Company was served with process. Moreover, this is not a case where a party was merely misnamed. Rather, it is a case where the plaintiff seeks to add or substitute a party defendant (see *Smith v Garo Enters., Inc.*, 60 AD3d at 752).

The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.