Stanley v New York City Hous. Auth. (2020 NY Slip Op 02609)





Stanley v New York City Hous. Auth.


2020 NY Slip Op 02609


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-10466
 (Index No. 500562/12)

[*1]Sesame Stanley, appellant,
v
New York City Housing Authority, respondent, et al., defendants.


Ehrlich Gaynor, LLP (The Blash Firm, PLLC, New York, NY [Stacy N. Baden], of counsel), for appellant.
Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnik and Sharyn Rootenberg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated July 16, 2018. The order granted the renewed motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant New York City Housing Authority (hereinafter NYCHA). NYCHA moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied NYCHA's motion without prejudice to renew after a particular witness was deposed. NYCHA made a renewed motion for summary judgment dismissing the complaint insofar as asserted against it after it deposed that witness. By order dated July 16, 2018, the Supreme Court granted NYCHA's renewed motion. The plaintiff appeals.
We agree with the Supreme Court's determination to grant NYCHA's renewed motion for summary judgment dismissing the complaint insofar as asserted against it. A property owner is charged with the duty of maintaining its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). "To be entitled to summary judgment, a defendant is required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises" (Cassone v State of New York, 85 AD3d 837, 838). In this case, NYCHA established, prima facie, that it did not create or have notice of a defective condition that caused the plaintiff's injuries. The plaintiff failed to raise a triable issue of fact in opposition.
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court