Fiero v City of New York (2021 NY Slip Op 00293)





Fiero v City of New York


2021 NY Slip Op 00293


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-01923
 (Index No. 508360/13)

[*1]Emily Fiero, plaintiff-respondent-appellant,
v
City of New York, respondent, Metropolitan Transportation Authority, et al., appellants-respondents, Son Claire Realty, LLC, defendant-respondent-appellant.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants-respondents.
Gersowitz, Libo & Korek, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for plaintiff-respondent-appellant. 
Milber Makris Plousidas & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for defendant-respondent-appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Ashley R. Garman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Metropolitan Transportation Authority and New York City Transit Authority appeal, and the defendant Son Claire Realty, LLC, and the plaintiff separately cross-appeal, from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated December 14, 2018. The order, insofar as appealed from, denied the motion of the defendants Metropolitan Transportation Authority and New York City Transit Authority for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the cross claims the defendants Metropolitan Transportation Authority and New York City Transit Authority asserted against it. The order, insofar as cross-appealed from by the defendant Son Claire Realty, LLC, granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the cross claims of the defendant Son Claire Realty, LLC, asserted against it. The order, insofar as cross-appealed from by the plaintiff, granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it and denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Metropolitan Transportation Authority and New York City Transit Authority which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendant Metropolitan Transportation Authority, and substituting therefor a provision granting that branch of the motion; as so modified, the order is [*2]affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant City of New York payable by the plaintiff and the defendant Son Claire Realty, LLC.
The plaintiff allegedly was injured when she fell into an open subway vent in the sidewalk on Smith Street in Brooklyn. A parking meter had been affixed to grating that covered the vent. An unknown third party apparently toppled over the parking meter, thereby causing the grating that covered the vent to become upended, leaving an opening. The plaintiff thereafter commenced this action against the City of New York, the Metropolitan Transportation Authority (hereinafter the MTA), the New York City Transit Authority (hereinafter the NYCTA, and together with the MTA the transit defendants), and the adjoining landowner, Son Claire Realty, LLC (hereinafter Son Claire). The City, the transit defendants, and Son Claire all asserted cross claims against one another.
The transit defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing, inter alia, that the NYCTA had no actual or constructive notice of the upended subway grating and that the MTA has no role in the operation or maintenance of the subway system. The City then moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing, among other things, that it had no prior written notice of the alleged dangerous condition. Finally, the plaintiff moved for summary judgment on the issue of liability. By order dated December 14, 2018, the Supreme Court granted the City's motion, denied the transit defendants' motion, and denied the plaintiff's motion. The transit defendants appeal, and the plaintiff and Son Claire separately cross-appeal. We modify.
We disagree with the Supreme Court's determination denying that branch of the transit defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the MTA. "Pursuant to the [New York] Public Authorities Law, the MTA (see Public Authorities Law § 1263 et seq.) and the NYCTA (see Public Authorities Law § 1201 et seq.) are separate public benefit corporations with different functions" (Fridman v New York City Tr. Auth., 131 AD3d 1202, 1203). "It is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility" (Cusick v Lutheran Med. Ctr., 105 AD2d 681, 681; see Soto v New York City Tr. Auth., 19 AD3d 579, 581, affd 6 NY3d 487). Here, there is no dispute that the MTA's liability is premised upon matters concerning the operation, maintenance, and control of a grating over a particular subway vent. The transit defendants were therefore entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against the MTA (see Soto v New York City Tr. Auth., 19 AD3d at 581).
We agree with the Supreme Court's determination to grant the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. "Administrative Code of the City of New York § 7-201(c) 'limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location'" (Puzhayeva v City of New York, 151 AD3d 988, 990, quoting Katz v City of New York, 87 NY2d 241, 243). Accordingly, "prior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City" (Katz v City of New York, 87 NY2d at 243). "The only recognized exceptions to the prior written notice requirement involve situations in which either the municipality created the defect through an affirmative act of negligence, or a special use confers a special benefit upon the municipality" (Puzhayeva v City of New York, 151 AD3d at 990; see Yarborough v City of New York, 10 NY3d 726, 728). Only the affirmative negligence exception is implicated in this case, and it "'is limited to work [done] by [a municipality] that immediately results in the existence of a dangerous condition'" (Yarborough v City of New York, 10 NY3d at 728, quoting Oboler v City of New York, 8 NY3d 888, 889; see Liverpool v City of New York, 163 AD3d 790, 791).
Here, the City established its prima facie entitlement to judgment as a matter of law by demonstrating, through a search of relevant City agency records and maps submitted by the Big Apple Pothole and Sidewalk Protection Corporation, that it had not received prior written notice of [*3]the alleged dangerous condition (see Puzhayeva v City of New York, 151 AD3d at 990). The opponents to the City's motion failed to raise a triable issue of fact in response. In particular, they failed to raise an issue of fact as to whether the alleged dangerous condition arose immediately upon the City's installation of the parking meter, as there is no dispute the City did so more than nine years before the grating became upended (see Beiner v Village of Scarsdale, 149 AD3d 679, 680; DeVita v Town of Brookhaven, 128 AD3d 759, 759-760). The Supreme Court therefore properly granted the City's motion (see Yarborough v City of New York, 10 NY3d at 728).
We also agree with the Supreme Court's determination to deny that branch of the transit defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the NYCTA. "'To be entitled to summary judgment, a defendant is required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises'" (Stanley v New York City Hous. Auth., 183 AD3d 564, 565, quoting Cassone v State of New York, 85 AD3d 837, 838). Here, the transit defendants submitted affidavits from employees who searched relevant databases and found no reports of similar incidents occurring at the location of the alleged dangerous condition and occurring within one year of the plaintiff's fall. This limited search does not foreclose the possibility that similar incidents occurred at other gratings with parking meters attached to them, or even that a similar incident occurred at the same grating at issue here more than one year prior to the plaintiff's fall. The transit defendants also submitted the transcript of the deposition testimony of a former NYCTA plumber who testified that some gratings are secured over subway vents with cement or chains, but others simply remain in place on account of their significant weight. That employee further explained, however, that gratings with parking meters attached to them can become "dislodge[d]" or damaged if the meter were "hit by a car" or "kicked or hit by somebody" or even "just hung on by somebody." The transit defendants' submissions thereby failed to eliminate all triable issues of fact as to whether the NYCTA's decision not to secure the grating at issue here using cement or chains was unreasonable and posed a foreseeable risk of injury to pedestrians. The transit defendants' assertion that the act of the person who upended the grating constituted a superseding, intervening cause is unavailing here, since this same evidence leaves open the possibility that the third party's act was the "'normal or foreseeable consequence'" of the NYCTA's failure to secure the grating (Romanelli v Jones, 179 AD3d 851, 856 [emphasis omitted], quoting Hain v Jamison, 28 NY3d 524, 529). The Supreme Court therefore properly denied this branch of the transit defendants' motion without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit.
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court