Clarke v 1710, LLC (2022 NY Slip Op 05832)

Clarke v 1710, LLC

2022 NY Slip Op 05832

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-03019
 (Index No. 508760/18)

[*1]Germimah Clarke, appellant, 
v
1710, LLC, respondent.

Chopra & Nocerino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Diane Toner], of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated March 18, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly slipped and fell on a puddle of liquid on the lobby floor of her residential apartment building. The plaintiff commenced this action to recover damages for personal injuries against the defendant, 1710, LLC, the owner of the premises. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the condition that caused the plaintiff to fall or have actual or constructive notice of its existence. The Supreme Court granted the motion. The plaintiff appeals.
A defendant landowner who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1351; Steele v Samaritan Found., Inc., 176 AD3d 998, 999). Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (see Birnbaum v New York Racing Assn., Inc., 57 AD3d 598).
Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the alleged condition that caused the plaintiff to fall. In support of its motion, the defendant submitted, inter alia, the deposition testimony of the plaintiff and the superintendent of the building. They provided conflicting testimony as to the facts surrounding the accident, raising triable issues of fact as to their credibility, when the area was last inspected prior to the incident, and whether the defendant had constructive notice of the alleged condition that caused the plaintiff to fall (see generally Cruz v Valentine Packaging Corp., 167 AD3d 707, 708-709; Merino v Tessel, 166 AD3d [*2]760, 760-761). Thus, the burden never shifted to the plaintiff to raise a triable issue of fact.
In light of our determination, we need not address the parties' remaining contentions.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court