Abramson v Janowski's Hamburgers, Inc. (2023 NY Slip Op 02293)

Abramson v Janowski's Hamburgers, Inc.

2023 NY Slip Op 02293

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-00307
 (Index No. 606906/18)

[*1]Carol Abramson, appellant, 
v
Janowski's Hamburgers, Inc., et al., respondents, et al., defendants.

Eric Turkewitz, New York, NY, for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca and Loris Zeppieri of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated December 21, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants Janowski's Hamburgers, Inc., Bill Vogelsberg, and Bianca Burgers, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Janowski's Hamburgers, Inc., Bill Vogelsberg, and Bianca Burgers, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against them is denied.
The plaintiff allegedly was injured when she tripped and fell over a crack in a sidewalk in Rockville Centre. At the time of the accident, the defendants Janowski's Hamburgers, Inc., Bill Vogelsberg, and Bianca Burgers, LLC (hereinafter collectively the defendants), operated a wholesale and retail hamburger products business, and their loading dock and driveway were located across the street from the sidewalk crack that allegedly caused the plaintiff's accident.
The plaintiff commenced this action to recover damages for personal injuries, alleging, among other things, that the defendants were negligent in that the defective sidewalk condition on which she tripped was caused and created by trucks which drove onto the sidewalk while making deliveries to the defendants' premises. Subsequently, the defendants moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them. In an order dated December 21, 2020, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property (see Toner v Trader Joe's E., Inc., 209 AD3d 690; Smith v 4 Empire Mgt. Group, Inc., 208 AD3d 811, 812; Micek v Greek Orthodox Church of Our Savior, 139 AD3d 830, 831). The existence of one or more of these elements gives rise to a duty of care (see Donatien v Long Is. Coll. Hosp., 153 AD3d 600; Clifford v Woodlawn Volunteer Fire Co., Inc., 31 AD3d 1102, 1103). However, liability can also be imposed upon a party that creates a dangerous or defective condition (see Brown v Welsbach Corp., 301 NY 202, 205; Mullins v Siegel-Cooper Co., 183 NY 129, 136; Micek v Greek Orthodox Church of Our Savior, 139 AD3d at 830; Manicone v City of New York, 75 AD3d 535, 537; Cooper v American [*2]Carpet & Restoration Servs., Inc., 69 AD3d 552, 554).
Here, in response to the defendants' prima facie showing of their entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether the defendants committed an affirmative act of negligence that resulted in the creation of the dangerous condition on the sidewalk (see Huerta v 2147 Second Ave., LLC, 129 AD3d 668, 669; Losito v City of New York, 38 AD3d 854, 855; Hayes v DeMicco Bros., Inc., 34 AD3d 641, 642; Levine v Zarabi, 243 AD2d 448). In opposition to the defendants' motion, the plaintiff submitted the deposition testimony of an individual who had resided next door to the defendants' premises for nearly 56 years. The neighbor testified that the street on which he lived was a dead-end street that was mostly residential, and that the drivers of 18-wheel tractor-trailers that made deliveries to the defendants' business, while maneuvering into the driveway of the premises, frequently drove onto the sidewalk across the street, thereby creating the condition that caused the plaintiff to trip and fall. The neighbor had, on numerous occasions, observed Vogelsberg and other employees of Janowski's Hamburgers, Inc., and Bianca Burgers, LLC, directing truck drivers onto the sidewalk while assisting them in backing up to the loading dock. This evidence was sufficient to raise a triable issue of fact as to whether the actions of the defendants caused or created the hazardous sidewalk condition that allegedly caused the plaintiff's accident (see Baird v Gormley, 116 AD3d 1121, 1123-1124; Herbert v Rodriguez, 191 AD2d 887, 887; Forelli v Rugino, 139 AD2d 489, 489-490).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court