Robles v City of New York (2025 NY Slip Op 00687)

Robles v City of New York

2025 NY Slip Op 00687

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-03839
 (Index No. 16149/12)

[*1]Diana Robles, appellant, 
v
City of New York, et al., defendants, New York City Transit Authority, et al., respondents.

Elefterakis, Elefterakis & Panek, New York, NY (Gennaro Savastano of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy and Theresa Frame of counsel), for respondents New York City Transit Authority and Metropolitan Transit Authority.
Nadine M. Rivellese (Heidell, Pittoni, Murphy & Bach, LLP, New York, NY [Daniel S. Ratner and Alejandra Gil], of counsel), for respondent Consolidated Edison, Inc.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for respondent Brooklyn Union Gas Company.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated November 10, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendants New York City Transit Authority and Metropolitan Transit Authority, the defendant Consolidated Edison, Inc., and the defendant Brooklyn Union Gas Company which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the separate motions of the defendant Consolidated Edison, Inc., and the defendant Brooklyn Union Gas Company which were for summary judgment dismissing the complaint insofar as asserted against each of them, and substituting therefor provisions denying those branches of the separate motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants Consolidated Edison, Inc., and Brooklyn Union Gas Company, and one bill of costs to the defendants New York City Transit Authority and Metropolitan Transit Authority payable by the plaintiff.
The plaintiff allegedly was injured when she tripped and fell over a hole in the roadway in front of certain premises located in Brooklyn. The plaintiff commenced this action to recover damages for personal injuries against, among others, the City of New York, the New York Department of Transportation, the New York City Transit Authority (hereinafter the NYCTA), the Metropolitan Transit Authority (hereinafter the MTA), Consolidated Edison, Inc. (hereinafter ConEd), and Brooklyn Union Gas Company (hereinafter BUG). BUG, ConEd, and the NYCTA and [*2]the MTA separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated November 10, 2020, the Supreme Court, among other things, granted those branches of the separate motions. The plaintiff appeals.
The Supreme Court properly granted that branch of the motion of the NYCTA and the MTA which was for summary judgment dismissing the complaint insofar as asserted against the MTA. "'Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property'" (Jeffrey v City of New York, 194 AD3d 701, 702, quoting Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601; see Abramson v Janowski's Hamburgers, Inc., 216 AD3d 605, 606). "Pursuant to the Public Authorities Law, the MTA (see Public Authorities Law § 1263 et seq.) and the NYCTA (see Public Authorities Law § 1201 et seq.) are separate public benefit corporations with different functions" (Fridman v New York City Tr. Auth., 131 AD3d 1202, 1203; see Fiero v City of New York, 190 AD3d 822, 823). "It is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility" (Cusick v Lutheran Med. Ctr., 105 AD2d 681, 681; see Fiero v City of New York, 190 AD3d at 823-824; Soto v New York City Tr. Auth., 19 AD3d 579, 581, affd 6 NY3d 487). Here, there is no dispute that the MTA's alleged liability is premised upon matters concerning the operation, maintenance, and control of the area of the public roadway where the accident occurred, which are outside the scope of the MTA's functions. Thus, the MTA was entitled to judgment as a matter of law dismissing the complaint insofar as asserted against it (see Soto v New York City Tr. Auth., 19 AD3d at 581).
The Supreme Court also properly granted that branch of the motion of the NYCTA and the MTA which was for summary judgment dismissing the complaint insofar as asserted against the NYCTA. In support of the motion, the NYCTA and the MTA submitted, inter alia, a transcript of the deposition testimony of its records searcher, which established, prima facie, that the NYCTA did not own, occupy, control, or make special use of the public roadway where the accident occurred (see Jeffrey v City of New York, 194 AD3d at 702; Tanzer v City of New York, 41 AD3d 582, 582; Palone v City of New York, 5 AD3d 750). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
However, the Supreme Court erred in granting those branches of the separate motions of BUG and ConEd which were for summary judgment dismissing the complaint insofar as asserted against each of them. In opposition to the separate motions of BUG and ConEd, the plaintiff established that the motions were premature by demonstrating that additional discovery might lead to relevant evidence regarding whether either of these defendants had performed work in the area of the public roadway where the accident occurred which caused or created the alleged dangerous condition (see CPLR 3212[f]; Abramson v Janowski's Hamburgers, Inc., 216 AD3d at 606; Whelan v Port Auth. of N.Y. & N.J., 19 AD3d 483, 484). Accordingly, the court should have denied those branches of the separate motions of BUG and ConEd which were for summary judgment dismissing the complaint insofar as asserted against each of them.
CHAMBERS, J.P., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court