Delfino v Montefiore Nyack Hosp. (2025 NY Slip Op 04082)

Delfino v Montefiore Nyack Hosp.

2025 NY Slip Op 04082

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-02266
 (Index No. 32015/20)

[*1]Christie Delfino, appellant, 
v
Montefiore Nyack Hospital, respondent.

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Monica P. Becker of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Kevin J. Murtagh and Nicholas P. Calabria of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated February 10, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendant to recover damages for personal injuries allegedly sustained when she slipped and fell on a puddle of water outside an elevator in the defendant's hospital. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the alleged hazardous condition or have actual or constructive notice of its existence. In an order dated February 10, 2023, the Supreme Court granted the motion. The plaintiff appeals. We reverse.
"A property owner is charged with the duty of maintaining its premises in a reasonably safe condition" (Stanley v New York City Hous. Auth., 183 AD3d 564, 565; see Reed v 64 JWB, LLC, 171 AD3d 1228, 1228). In moving for summary judgment dismissing the complaint in a slip-and-fall case, a defendant property owner has the burden of "making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence" (Clarke v 1710, LLC, 209 AD3d 828, 829; see Hickson v Walgreen Co., 150 AD3d 1087). "To meet its initial burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's accident" (Reed v 64 JWB, LLC, 171 AD3d at 1229; see Radosta v Schechter, 171 AD3d 1112, 1113). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Fortune v Western Beef, Inc., 178 AD3d 671, 672 [internal quotation marks omitted]; see Butts v SJF, LLC, 171 AD3d 688, 689). "Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition" (Clarke v 1710, LLC, 209 AD3d at 829; see Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598).
Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the alleged condition that caused the plaintiff to fall. The deposition testimony of the defendant's security manager and of another employee of the defendant merely referred to the general cleaning and inspection practices at the hospital. The defendant did not proffer any evidence demonstrating when the specific area where the plaintiff fell was last cleaned or inspected before the accident (see Fortune v Western Beef, Inc., 178 AD3d at 672-673; Butts v SJF, LLC, 171 AD3d at 689). Since the defendant failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court