Selimaj v Almonte Hgts. Food Corp. (2026 NY Slip Op 00393)

Selimaj v Almonte Hgts. Food Corp.

2026 NY Slip Op 00393

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-08231
 (Index No. 500233/21)

[*1]Hyrije Selimaj, respondent, 
vAlmonte Heights Food Corp., etc., appellant.

McManus Ateshoglou Aiello & Apostolakos PLLC, New York, NY (Steven D. Ateshoglou of counsel), for appellant.
Michael J. Aviles & Associates, LLC (Natascia Ayers, New York, NY [Ara V. Naljian], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Anne J. Swern, J.), dated April 25, 2024. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly slipped and fell in an aisle of the defendant's supermarket. After she fell, the plaintiff observed that the floor was wet and there were "smushed" grapes on the floor. The plaintiff commenced this action to recover damages for personal injuries against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the condition that caused the plaintiff to fall or have actual or constructive notice of its existence. In an order dated April 25, 2024, the Supreme Court, inter alia, denied the motion. The defendant appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Arbit v Costco Wholesale Corp., 230 AD3d 1089, 1090). "The court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility but merely to determine whether such issues exist" (Doize v Holiday Inn Ronkonkoma, 6 AD3d 573, 574 [internal quotation marks omitted]).
Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the alleged condition that caused the plaintiff to fall. In support of its motion, the defendant submitted, among other things, transcripts of the deposition testimony of the plaintiff and a manager at the defendant's supermarket. They provided conflicting testimony as to the facts surrounding the accident, raising triable issues as to their credibility, when the area was last inspected prior to the accident, and whether the defendant had constructive notice of the alleged condition that caused the [*2]plaintiff to fall (see Clarke v 1710, LLC, 209 AD3d 828, 829; see also Clark v Stop & Shop Supermarket Co., LLC, 204 AD3d 746, 747).
In light of our determination, we need not address the parties' remaining contentions.
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court