■ JUDITH RYGA et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [793 NYS2d 474]—

In an action to recover damages for personal injuries and wrongful death, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Sampson, J.), entered March 3, 2002, which, upon a jury verdict finding that the defendant bus driver Jerome Ross was negligent but that he was not acting within the scope of his employment with the defendant New York City Transit Authority, and upon the denial of their motion for judgment as a matter of law on that issue, is in favor of her and against the defendant bus driver Jerome Ross in the principal sum of only $123,497.

Ordered that the judgment is modified, on the law, by adding to the decretal paragraph thereof, after the first reference to "defendant Jerome Ross," the words "and the defendant New York City Transit Authority, jointly and severally," and after the words "Far Rockaway, New York," the words, "and the defendant New York City Transit Authority, jointly and severally"; as so modified, the judgment is affirmed, with costs to the appellants payable by the defendant New York City Transit Authority, and the motion is granted.

Based upon the jury's determination that the defendant bus driver, while driving his bus route, negligently struck and killed the decedent, the Supreme Court should have granted the plaintiffs' motion for judgment as a matter of law on the issue of whether the driver was acting within the scope of his employment with the defendant New York City Transit Authority and thus that it was liable to the plaintiffs under the doctrine of respondeat superior (*see Frazier v State of New York*, 64 NY2d 802 [1985]; *Riviello v Waldron*, 47 NY2d 297 [1979]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.