■ RAFAEL DELACRUZ, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY, Appellant. [846 NYS2d 160]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered January 17, 2007, which denied defendant's motion for summary judgment dismissing the complaint for failure to serve a timely notice of claim or commence the action against the proper party, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The record fails to support plaintiff's contention that the Metropolitan Transportation Authority (MTA) should be equitably estopped from claiming it is not the proper party defendant. That doctrine applies only "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice" (*Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]), and should be invoked sparingly and only under exceptional circumstances

*(Luka v New York City Tr. Auth.*, 100 AD2d 323, 325 [1984], *affd* 63 NY2d 667 [1984]).

"It is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility" (*Cusick v Lutheran Med. Ctr.*, 105 AD2d 681, 681 [1984]). Rather than misleading plaintiff, the MTA provided him with numerous indications that the wrong entity was being sued. Counsel for plaintiff was notified that a hearing would be held with the New York City Transit Authority (NYCTA) and communications were exchanged with that agency. In its answer, the MTA denied that they owned, operated, maintained or controlled the subway station where plaintiff was allegedly injured.

There was no basis for concluding that the conduct of the MTA lulled plaintiff into a false sense of security. As we recently noted in *Polsky v Metropolitan Transp. Auth.* (37 AD3d 243 [2007]), "Clear precedent in a virtually identical situation holds that [NYC]TA's handling of the claim, together with MTA's answer denying ownership and control of the subway station, should have alerted plaintiff that he had sued the wrong party, that an estoppel therefore does not lie, and that the complaint should be dismissed." Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Williams, JJ. [*See* 14 Misc 3d 886.]