Archer v New York City Tr. Auth. (2020 NY Slip Op 05844)





Archer v New York City Tr. Auth.


2020 NY Slip Op 05844


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Kapnick, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 302582/14 Appeal No. 12109 Case No. 2019-03654 

[*1]Oneska Archer, Plaintiff-Respondent,
v
New York City Transit Authority, Doing Business as MTA New York City Transit, et al., Defendants-Appellants. 


Lawrence Heisler, Brooklyn (Alison Estess of counsel), for appellants.
Franzblau Dratch, P.C., New York (Daniel Lebersfeld of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about August 12, 2019, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In this action for personal injuries arising from a fall on a public bus, the parties do not dispute that defendant New York City Transit Authority d/b/a MTA New York City Transit (NYCTA) owned the bus, and that the vehicle was being driven by one of its employees when the accident happened. It is also undisputed that defendant Metropolitan Transportation Authority (MTA) is a public benefit corporation that oversees New York City's mass transportation system and that defendant MTA Bus is an agency of the MTA.
Supreme Court should have granted the MTA summary judgment on the ground that it is not a proper party to the action, because plaintiff did not oppose that portion of defendants' motion and has raised no argument as to why the MTA is liable for the accident (see Delacruz v Metropolitan Transp. Auth., 45 AD3d 482, 483 [1st Dept 2007]; Soto v New York City Tr. Auth., 19 AD3d 579, 581 [2d Dept 2005], affd 6 NY3d 487 [2006]). Emerick v Metropolitan Transp. Auth., 272 AD2d 150 [1st Dept 2000]).
As to the remaining defendants, NYCTA and MTA Bus, Supreme Court should have granted them summary judgment and dismissed the complaint against them. Plaintiff's 50-h hearing and deposition testimony established that the bus stopped at a place where plaintiff could safely alight (Miller v Fernan, 73 NY 2d 844 [1988]). Plaintiff also testified that the driver lowered the bus five inches from the ground, stopped at a designated bus stop within ten inches parallel to the sidewalk and neither the bus nor the curb was in a defective condition (see Engram v Manhattan & Bronx Surface Tr. Operating Auth., 190 AD2d 536 [1st Dept 1993]). That there was a 6 to 10-inch gap between the bus and the curb after the operator stopped and lowered the bus does not raise a triable issue of fact. Furthermore, there is no evidence that she appeared incapable of negotiating the distance (see Trainer v City of New York, 41 AD3d 202 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020