| |
|---|
| **Evans v New York City Tr. Auth.** |
| 2024 NY Slip Op 33405(U) |
| September 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155897/2022 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. RICHARD TSAI**                           **PART**                   **21**

*Justice*

-------------------------------------------------------------------------------X

CHARLES EVANS,

                      Plaintiff,

                  - v -

NEW YORK CITY TRANSIT AUTHORITY and
METROPOLITAN TRANSPORTATION AUTHORITY,

                    Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155897/2022 |
| **MOTION DATE** | 07/22/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 34, 47-65

were read on this motion to/for                 **JUDGMENT - SUMMARY**         .

      Upon the foregoing documents, it is hereby **ORDERED** that the motion by plaintiff for summary judgment as to liability in his favor against defendants and for summary judgment dismissing defendants' affirmative defense of culpable conduct is **DENIED**.

      In this action, plaintiff alleges that, on November 10, 2021, at about midday, plaintiff fell while entering the downtown side of the subway station at 125th Street and St. Nicholas Street (*see* plaintiff's exhibit F in support of motion, plaintiff's deposition at 14, lines 19-21; at 15, lines 2-24; at 21, lines 7-15; at 22, lines 6-7 [NYSCEF Doc. No. 54]). According to plaintiff, a piece was missing on a step of the staircase, which caught his right foot and caused his ankle to twist (*id.* at 22, lines 8-21).

      At his deposition, plaintiff was shown the notice of claim, which was seven pages long, which had annexed four photographs of a staircase (*id.* at 93, line 17 through 94, lines 2-12; *see also* plaintiff's Exhibit A in support of motion [NYSCEF Doc. No. 49]). When shown the first photograph, plaintiff testified, "If I count down it's the seventh . . . [f]rom the top" (*id.* at 96, lines 12-14). On another photograph, plaintiff circled the area which depicted where his foot had come in contact with the step on the date of the alleged accident (*id.* at 99, lines 2-19; at 100, line 4 through 101, lines 2-4). When shown yet another photograph of the staircase, plaintiff identified the step where he fell as the step which had a round circle on it depicted in the photograph, and the circle was not present when the alleged accident occurred (*id.* at 96, lines 17-24).

      The note of issue was filed May 23, 2024 (*see* NYSCEF Doc. No. 34).

**155897/2022**   **EVANS, CHARLES vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**           **Page 1 of 4**
**Motion No. 003**

1 of 4

Plaintiff now moves for summary judgment in his favor as to liability against defendants and for summary judgment dismissing defendants' affirmative defense of comparative fault. Defendants oppose the motion.

"On a motion for summary judgment, the moving party must make a prima showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

On a motion for summary judgment, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

In plaintiff's moving papers, plaintiff established, through the testimony of Structure Maintainer/Record Searcher Frank Blandina, that per "Nonconformity 374668" in a "Station Condition Report," defendant New York City Transit Authority (NYCTA) had notice on October 6, 2021 (a little over a month before the alleged accident) that the "twelfth step on stairway S3 has a loose tread" (plaintiff's exhibit G in support of motion, Blandina deposition at 22, line 4 through 23, line 19 [NYSCEF Doc. No. 55]; *see also* plaintiff's exhibit H in support of motion, Station Condition Report at 1 [NYSCEF Doc. No. 56]). As Blandina testified, the loose tread on that twelfth step was "resolved" on December 15, 2021 (Blandina deposition at 22, line 4 through 23, line 19).

Plaintiff maintains that he had fallen on the same step noted in the Station Condition Report, based on a photograph shown to him during his deposition, where plaintiff had circled the area where he fell—which plaintiff's counsel contends is the "eighth from the top of the staircase and the twelfth step up from the bottom" (affirmation of plaintiff's counsel in support of motion ¶ 13). Plaintiff therefore argues that defendants are negligent because they had prior notice of the "loose metal tread," which was not repaired prior to plaintiff's accident (*id.* ¶ 21). The photograph where plaintiff had circled the area where he fell was submitted for the first time in reply (Exhibit B to reply affirmation of plaintiff's counsel [NYSCEF Doc. No. 65]).

In opposition, defendants point out, as Blandina had testified, that it is ambiguous as to whether the loose tread on the "twelfth step on stairway S3" mentioned in "Nonconformity 374668" was referring to the twelfth step "going down" or "coming up" the subject stairway (Blandina deposition at 22, line 4 through 23, line 19). Defendants also point out that, at plaintiff's statutory hearing, plaintiff testified that his accident occurred after he had taken about "three to four steps coming down" (plaintiff's exhibit B in support of motion, statutory hearing tr at 12, line 22 through 13, line 4 [NYSCEF Doc. No. 50]).

Summary judgment as to liability in plaintiff's favor against defendants is denied.

**155897/2022   EVANS, CHARLES vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  003**

**Page 2 of 4**

2 of 4

First, an issue of fact arises as to where plaintiff had fallen on the staircase, given conflicting testimony between plaintiff's statutory hearing testimony, which placed the fall occurring three to four steps "coming down," and plaintiff's deposition testimony, where plaintiff testified that the fall occurred on the seventh step from the top. It is unavailing for plaintiff's counsel's attempt to explain the inconsistencies (*see* reply affirmation of plaintiff's counsel ¶¶ 3-8 [NYSCEF Doc. No. 63]). "It is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact, but rather to identify material triable issues of fact" (*Vega*, 18 NY3d at 505). "The court's role on a motion for summary judgment is issue-finding, not issue-determination" (*Lebedev v Blavatnik*, 193 AD3d 175, 182 [1st Dept 2021]).

Second, plaintiff's moving papers did not adequately identify the area where plaintiff allegedly fell. The photograph where plaintiff had circled the area was submitted for the first time in reply, and plaintiff may not use reply papers 'to remedy ... basic deficiencies in [his] prima facie showing'" (*Tribbs v 326-338 E 100th LLC*, 215 AD3d 480, 481 [1st Dept 2023] [citation omitted]). Without considering the photograph where plaintiff had circled the area where he fell, it cannot be determined from the moving papers that the step where plaintiff fell was the twelfth step of the staircase, counting from the bottom of the staircase.

Although plaintiff also identified the step where he fell as the step which had a "round circle" on it depicted in the photograph (plaintiff's deposition at 96, lines 17-21), this "round circle"—which plaintiff said "looks like a plate from the pizza shop"—appears on different steps in the photographs. In the third photograph annexed to the notice of claim, a round circle—which would appear to be a paper plate—appears to the right of a step which is missing a portion of its tread (*see* plaintiff's Exhibit A in support of motion). However, in the first photograph annexed to the notice of claim, a "round circle" appears two steps away towards the bottom of the staircase from the step which contains the missing tread. It is not clear from plaintiff's deposition testimony which photograph plaintiff had been shown when he testified that the "round circle" was on the step where he fell.

Even assuming, for the sake of argument, that plaintiff testified that the step where he fell was the step which was missing a portion of its tread in the photographs, the court agrees with defendants that the loose tread on the "twelfth step on stairway S3" mentioned in the Station Condition Report is an ambiguous reference, which can be reasonably interpreted as either the twelfth step from the bottom of the stairway (which would implicate the step with a missing tread), or the twelfth step from the top of the staircase, where no tread was missing. Construing the facts "in the light most favorable to the non-moving party" (*Vega*, 18 NY3d at 503), there is a therefore a material issue of fact as to whether defendants had prior notice of the defective condition of the step which allegedly caused plaintiff's fall.

Therefore, summary judgment as to liability in plaintiff's favor against defendants is denied. Although not raised by the parties, this court notes plaintiff did not establish

155897/2022   EVANS, CHARLES vs. NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 3 of 4
Motion No.  003

3 of 4

[* 3]

that defendant Metropolitan Transportation Authority had prior notice of the defective condition of the step, as the Station Condition Report was a NYCTA report.[1]

The branch of plaintiff's motion seeking summary judgment dismissing defendants' affirmative defense of plaintiff's culpable conduct is denied. As defendants point out, plaintiff testified at his statutory hearing that there was a handrail readily available for him to use as he descended down the staircase, but he "did not think that [he] needed to" (statutory hearing tr at 15, lines 8-14). Viewing the facts in the light most favorable to defendants, as non-movants, defendants have raised a triable issue of fact as to plaintiff's comparative fault.

This constitutes the decision and order of the court.

20240927153842RTSAI8677348C4F5A40A886A0AF4CABBA926D

_____
9/27/2024
DATE

_____
RICHARD TSAI, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

---

[1] Although not raised by the parties, the court also notes that, "It is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and *do not include the operation, maintenance, and control of any facility*" (*Delacruz v Metropolitan Transp. Auth.*, 45 AD3d 482, 483 [1st Dept 2007] [emphasis added]).

**155897/2022  EVANS, CHARLES vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  003**

Page 4 of 4