**Pena v Metropolitan Transp. Auth.**

2025 NY Slip Op 30659(U)

February 26, 2025

Supreme Court, New York County

Docket Number: Index No. 153653/2021

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. RICHARD TSAI**                    PART                    21

*Justice*

-------------------------------------------------------------------------------X

DAVID HERNANDEZ PENA, INGRID WILLIAMS,
ELIZABETH ABANGE, JAMEL DAVIS, NICOLE JIMENEZ
and  ANNIE UZONWANNE,

                            Plaintiffs,

                  - v -

METROPOLITAN TRANSPORTATION AUTHORITY, NEW
YORK CITY TRANSIT AUTHORITY, MTA BUS COMPANY,
GREGORY A. SNEED and MICHAEL WILLIAMS,

                            Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153653/2021 |
| MOTION DATE | 05/01/2024, 05/01/2024, 05/01/2024 |
| MOTION SEQ. NO. | 004 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 41, 70-92, 105-109,135-138, 160

were read on this motion to/for                JUDGMENT - SUMMARY      .

The following e-filed documents, listed by NYSCEF document numbers (Motion 005) 95-103, 106, 110-113, 166-167

were read on this motion to/for         SUMMARY JUDGMENT(AFTER JOINDER    .

The following e-filed documents, listed by NYSCEF document numbers (Motion 006) 118-134, 139-141

were read on this motion to/for                JUDGMENT - SUMMARY      .

      In this consolidated action allegedly arising out of a motor vehicle collision between two buses, plaintiffs Ingrid Williams, Annie Uzonwanne, and Nicole Jimenez, who were passengers on the buses, each now move for summary judgment as to liability in their favor against defendants (Seq. Nos. 004, 005, and 006).[1]

      Plaintiffs Ingrid Williams, Uzonwanne, and Jimenez also move for summary judgment striking the defendants' affirmative defense of emergency.[2]

---

[1] To be precise, plaintiffs Ingrid Williams and Nicole Jimenez moved against all defendants; plaintiff Annie Uzonwanne moved against all defendants except for defendant Michael Williams.
[2] To be precise, in their notices of motion, plaintiffs Ingrid Williams, Uzonwanne and Jimenez do not explicitly refer to the emergency defense, but rather refer to the "fourth," "first," and "fourth affirmative defense" in defendants' answers, respectively, before the actions were consolidated. These defenses are the defense of emergency (*see* Exhibit B in support of plaintiff Ingrid Williams's motion, defendants' second amended answer ¶ 8 [NYSCEF Doc. No. 73]; *see* Exhibit B in support of plaintiff Uzonwanne's motion, verified answer ¶ 6  [NYSCEF Doc. No 98]; *see*

**153653/2021   HERNANDEZ PENA, DAVID vs. METROPOLITAN TRANSPORTATION**         **Page 1 of 7**
**Motion No.  004 005 006**

1 of 7

Defendants opposed the motions. This decision addresses all three motions.

## PROCEDURAL HISTORY

By a decision and order dated October 21, 2022, the Supreme Court justice who was previously assigned to this case had granted defendants' motion to consolidate this action with five other actions brought by other plaintiffs that were pending in Supreme Court, Queens County, and Supreme Court, Kings County, under the index number in this action (*see* NYSCEF Doc. No. 41).

In October and November 2023, plaintiffs Ingrid Williams and Annie Uzonwanne moved for summary judgment as to liability in their favor against defendants (Seq. Nos. 004 and 005). Meanwhile, on November 27, 2023, plaintiff David Hernandez e-filed a stipulation of discontinuance (*see* NYSCEF Doc. No. 92). Although the document e-filed in NYSCEF indicated that the stipulation of discontinuance was as to David Hernandez Pena only, the caption of the stipulation of discontinuance was not the caption of the consolidated cases, which contained the names of the other plaintiffs (*see id.*).

On December 4, 2023, the Supreme Court justice who was previously assigned to this case denied Ingrid Williams's and Uzonwanne's motions for summary judgment as moot, in light of the stipulation of discontinuance, and the entire action was marked disposed (*see* NYSCEF Doc. Nos. 105 & 106).

On December 18, 2023, the parties' counsel e-filed a stipulation to restore the action to active status and to restore Motion Seq. Nos. 004 and 005, among other things (*see* NYSCEF Doc. No. 137). However, the Supreme Court justice who was previously assigned to this case declined to so-order the proposed stipulation, stating, "The parties may move by motion to restore the action" (NYSCEF Doc. No. 138).

Meanwhile, while the entire action had been marked disposed, plaintiff Nicole Jimenez had moved for summary judgment as to liability in her favor as well (Seq. No. 006).

By decision and order dated April 1, 2024, this court granted plaintiffs' motion to restore the action to active status (*see* NYSCEF Doc. No. 160). This court vacated the denial of the motions for summary judgment by plaintiffs Ingrid Williams and Annie Uzonwanne and restored those motions for determination by the court, along with plaintiff Nicole Jimenez's motion.

---

*also* Exhibit 2 in support of plaintiff Jimenez's motion, verified answer ¶ 12 [NYSCEF Doc. No. 122]).

**153653/2021   HERNANDEZ PENA, DAVID vs. METROPOLITAN TRANSPORTATION**          **Page 2 of 7**
**Motion No.  004 005 006**

[* 2]

## FACTUAL BACKGROUND

Plaintiff Ingrid William was a passenger on a Q114 bus (Plaintiff Williams's Exhibit G in support of motion, Williams EBT, at 14, lines 18-19 [NYSCEF Doc. No. 78]). It is undisputed that the Q114 bus was operated by defendant Michael Williams (*see* Plaintiff Williams's Exhibit I in support of motion, Michael Williams EBT, at 10, lines 15-18 [NYSCEF Doc. No. 80]).[3]

Plaintiffs Uzonwanne and Jimenez were passengers on a Q111 bus (Plaintiff Uzonwanne's Exhibit D in support of motion, Uzonwanne statutory hearing tr at 8, lines18-21 [NYSCEF Doc. No. 100]; Plaintiff Jimenez's Exhibit 8, Jimenez statutory hearing tr at 7, lines 22-23 [NYSCEF Doc. No. 128]). It is undisputed that the Q111 bus, bus number 5434, was operated by defendant Gregory Sneed (*see* Plaintiff Williams's Exhibit H in support of motion, Sneed EBT, at 10, line 25 through 11, line 2 [NYSCEF Doc. No. 79]).[4]

At his deposition, defendant Sneed testified that, for seven years, he has been employed as a bus operator with "MTA Bus" (Sneed EBT at 8, lines 14-20). Sneed stated that his bus struck the rear of bus number 5437, operated by defendant Michael Williams (Sneed EBT at 11, lines 3-12). According to Sneed, "I hit the brakes and the bus slid" (*id.* at 11, lines 19-20). When asked what the bus had slid upon, Sneed answered, "It was a slippery road, a little bit like dry ice or whatever ice, black ice" (*id.* at 11, lines 21-24). Sneed testified that his bus slid into the rear of the other bus in front of him, which looked stopped (*id.* at 11, line 25 through 12, line 7). The collision occurred at the intersection of "Guy Brewer and Foch" (*id.* at 9, lines 13-14).

Sneed testified that he had operated a bus during winters in New York City for at least five years prior to the collision (Sneed EBT, at 17, lines 5-11). According to Sneed, there was light snow earlier that day (*id.* at 16, lines 13-19). Sneed testified that he had noticed slush and snow and the side of the road during his drive before the accident (*id.* at 26, lines 11-14). Sneed testified that, when he first saw the bus in front of him, the bus was "about ten feet" away, and the speed of Sneed's bus was "[a]bout 15, 20 miles an hour" (*id.* at 12, line 23 through 13, line 14).

According to Sneed, he never told a police officer that his brakes had failed, or that his vehicle had malfunctioned in any way, causing the accident (Sneed EBT, at 15, lines 14-20). Neither did Sneed tell a supervisor that his vehicle had malfunctioned (*id.* at 15, lines 21-25).

---

[3] Michael Williams's EBT was also e-filed as Exhibit F in support of plaintiff Annie Uzonwanne's motion [NYSCEF Doc. No. 102] and as Exhibit 11 in support of plaintiff Nicole Jimenez's motion [NYSCEF Doc. No. 131].

[4] Sneed's EBT was also e-filed as Exhibit E in support of plaintiff Annie Uzonwanne's motion [NYSCEF Doc. No. 101] and as Exhibit 10 in support of plaintiff Nicole Jimenez's motion [NYSCEF Doc. No. 130].

**153653/2021   HERNANDEZ PENA, DAVID vs. METROPOLITAN TRANSPORTATION**   **Page 3 of 7**
**Motion No.  004 005 006**

3 of 7

[* 3]

At his deposition, defendant Michael Williams testified that he has been employed by the MTA Bus Company as a bus operator for "just about 12 years" (Exhibit I in support of plaintiff Ingrid Williams's motion, Michael Williams EBT, at 9, lines 2-9 [NYSCEF Doc. No. 80]). According to Michael Williams, on December 20, 2020, he was involved in a collision at the intersection of Foch and Guy Brewer Boulevards (*id.* at 9, lines 10-23. Michael Williams testified that he was on Guy Brewer Boulevard, stopped at a traffic light in a lane of traffic (*id.* at 9, lines 16-19; at 11, lines 9-11, at 13, lines 24-25; at 14, lines 14-16).

When asked if he saw any ice in the area where the accident happened, Michael Williams answered, "I believe I did, it [sic] was ice everywhere. It was after snow and things like that so it was ice everywhere. And it was black ice, black ice you can't see" (*id.* at 13, lines 5-8).

Plaintiff Ingrid Williams submitted video footage of the collision from bus 5434 on a CD-R disc ([Exhibit O [NYSCEF Doc. No. 86] video of accident). Bus 5437, with brake lights on, is visible in the middle frame of the video footage, on camera labeled as "MTA5434 Forward View", at 07:13:10.



The collision occurs at time index 07:13:21.

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering

**153653/2021  HERNANDEZ PENA, DAVID vs. METROPOLITAN TRANSPORTATION**
**Motion No.  004 005 006**

Page 4 of 7

4 of 7

[* 4]

sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action"(*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

On a motion for summary judgment, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

Plaintiffs Ingrid Williams, Annie Uzonwanne, and Nicole Jimenez each met their prima facie burden of summary judgment as to liability in their favor against defendant Gregory Sneed. Sneed's deposition testimony established that the bus that he was operating rear-ended the bus operated by defendant Michael Williams.

It has been well established in New York that in rear-end collisions "with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" (*Cabrera v Rodriguez,* 72 AD3d 553, 553 [1st Dept 2010), while the driver of the lead vehicle, which was stopped, is presumed not negligent (*Giap v Pham*, 159 AD3d 484, 485 [1st Dept 2018]; *see also Soto-Maroquin v Mellet*, 63 AD3d 449, 450 [1st Dept 2009]). As the incident occurred within the scope of Sneed's employment as a bus operator employed by defendant MTA Bus Company, MTA Bus Company is vicariously liable for Sneed's negligence under the doctrine of respondeat superior (*Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Ryga v New York City Tr. Auth.*, 17 AD3d 561, 562 [2d Dept 2005]).

In opposition, defendants argue that Sneed's testimony that he skidded on ice into the bus operated by defendant Michael Williams as Sneed attempted to stop is a sufficient non-negligent explanation for the collision, warranting denial of summary judgment (affirmation in opposition to motion seq 004 ¶ 11 [NYSCEF Doc. No. 107]; *see also* NYSCEF Doc. Nos 110 & 139 [affirmations in opposition to motion seqs 005 and 006).

In reply, plaintiff Ingrid Williams argues that a wet roadway is not a sufficient defense to rebut the presumption of negligence because "'a wet roadway is not a sufficient defense to rebut the presumption of negligence,' since 'a driver is expected to drive at a sufficiently safe speed and to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles, taking into account the weather and road conditions'" (reply affirmation of plaintiff Ingrid Williams's counsel ¶ 5, quoting *Mitchell v Gonzalez*, 269 AD2d 250, 250-251 [1st Dept 2000] [emendation omitted] [NYSCEF Doc. No. 135]).

**153653/2021   HERNANDEZ PENA, DAVID vs. METROPOLITAN TRANSPORTATION**
**Motion No.  004 005 006**

Page 5 of 7

5 of 7

[* 5]

In reply, plaintiff Uzonwanne argues that defendants did not come forth with a non-negligent explanation to overcome the presumption of negligence (reply affirmation of plaintiff Uzonwanne's counsel ¶ 7 [NYSCEF Doc. No. 166]).

As plaintiff Ingrid Williams points out, defendants' explanation that the bus "slipped on ice was inadequate because a driver is expected to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles, taking into account weather and road conditions" (*Williams v Kadri*, 112 AD3d 442, 442-43 [1st Dept 2013]; *see also Rutledge v Petrocelli Elec. Co., Inc.*, 307 AD2d 871 [1st Dept 2003]).

*Rutledge* is instructive. There, the defendant's truck driver, who had rear-ended the plaintiffs' vehicle, testified that he traveling at 20 miles per hour and was only 15 feet behind plaintiff's car, and the truck may have skidded on ice into the rear of plaintiff's car when plaintiff's car allegedly stopped short. The Appellate Division, First Department, unanimously affirmed partial summary judgment in plaintiff's favor as to liability, reasoning, "Given these conditions, it does not avail defendants that their truck may have skidded on ice into the rear of plaintiffs' car" (*Rutledge*, 307 AD2d at 871).

Like the defendant's truck in *Rutledge*, defendant Sneed testified that his bus was traveling at about 15-20 miles per hour, and that defendant Sneed braked when he was 10 feet away from the bus operated by defendant Michael Williams. Given these similar conditions, skidding on black ice was inadequate to rebut the presumption of defendant Sneed's negligence.

Therefore, plaintiffs Ingrid Williams, Annie Uzonwanne, and Nicole Jimenez are granted summary judgment as to liability in their favor against defendants Gregory Sneed and MTA Bus Company.

To be clear, the determination of fault of defendants Gregory Sneed and MTA Bus Company as a matter of law on these motions does not include the issue of whether plaintiffs suffered a serious injury within the meaning of Insurance Law § 5102 (d), "which is a threshold matter separate from the issue of fault" (*Reid v Brown*, 308 AD2d 331, 332 [1st Dept 2003]).

The branch of the motions by plaintiffs Ingrid Williams, Uzonwanne and Jimenez to strike the defense of the emergency is granted. Because "[t] he emergency doctrine applies only to circumstances where an actor is confronted by a sudden and unforeseen occurrence not of the actor's own making . . . it is typically not available to defendants in rear-end collisions particularly where, as here, the driver was obligated to maintain a safe rate of speed and a reasonable distance between the vehicles (*Jacobellis v New York State Thruway Auth.*, 51 AD3d 976, 977 [2d Dept 2008] [internal citations omitted]).

**153653/2021 HERNANDEZ PENA, DAVID vs. METROPOLITAN TRANSPORTATION**
**Motion No. 004 005 006**

**Page 6 of 7**

6 of 7

However, summary judgment as to liability in plaintiffs' favor against defendants Metropolitan Transportation Authority, New York City Transit Authority, and Michael Williams is denied. Plaintiffs did not submit any evidence that defendant Michael Williams negligently operated his bus. Neither did plaintiffs submit any evidence of the liability of defendants Metropolitan Transportation Authority and New York City Transit Authority.[5] Both defendants Sneed and Michael Williams testified that they were employed by defendant MTA Bus Company (Sneed EBT at 8, lines 14-20; Michael Williams EBT, at 9, lines 2-9).

## CONCLUSION

Accordingly, it is hereby **ORDERED** that the motions for summary judgment by plaintiffs Ingrid Williams (Seq. No. 004), Annie Uzonwanne (Seq. No. 005), and Nicole Jimenez (Seq. No. 006) are **GRANTED IN PART** as follows:

(1) Plaintiffs Ingrid Williams, Annie Uzonwanne, and Nicole Jimenez are granted partial summary judgment as to liability in their favor as against defendant Gregory Sneed and defendant MTA Bus Company;

(2) Defendants' affirmative defense of emergency is stricken;

and the remainder of the motions are otherwise denied; and it is further

**ORDERED** that, within 60 days after entry of this decision and order, counsel for plaintiff Ingrid Williams is directed to retrieve the compact disc containing the video footage from IAS Part 21, 80 Centre Street Room 280 and to preserve the video footage intact pending the outcome of any appeal of this decision and order, or if no appeal is taken, until after the time to appeal from this decision and order has expired.[6]

20250226175426RTSAIF87747F8DC8C4491918CCA769B1B453F

| 2/26/2025 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | **RICHARD TSAI, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| **SEQ. NO. 004** | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| **SEQ. NO. 005** | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| **SEQ. NO. 006** | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[5] Although not raised by defendants, the court notes that "[i]t is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility" (*Delacruz v Metropolitan Transp. Auth.*, 45 AD3d 482, 483 [1st Dept 2007]; *see also Archer v New York City Tr. Auth.*, 187 AD3d 564 [1st Dept 2020]).

[6] If the compact disc is not retrieved within 60 days after entry of this decision, court staff may discard the compact disc thereafter.

**153653/2021   HERNANDEZ PENA, DAVID vs. METROPOLITAN TRANSPORTATION**   **Page 7 of 7**
**Motion No.  004 005 006**

7 of 7