| |
|:---:|
| **Sanchez v New York City Tr. Auth.** |
| 2025 NY Slip Op 30796(U) |
| March 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155365/2022 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. RICHARD TSAI</u>                                    PART                      21
                                                                                *Justice*

-----------------------------------------------------------------------------X

JUANA ALMONTE SANCHEZ and ROMULO RAMIREZ-
SAMBOY,

| | | |
|---|---|---|
| INDEX NO. | | 155365/2022 |
| MOTION DATE | | 08/22/2024 |
| MOTION SEQ. NO. | | 002 |

                              Plaintiffs,

                              - v -

THE NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY,
MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, RENE JOLY, and LUIS
BELTRAN ADAMES,

**DECISION + ORDER ON
MOTION**

                              Defendants.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 25-49

were read on this motion to/for                    <u>          JUDGMENT - SUMMARY          </u>.

Upon the foregoing documents, it is **ORDERED** that plaintiffs' motion for partial summary judgment in their favor as to liability against defendants is **GRANTED IN PART TO THE EXTENT THAT** plaintiffs are granted partial summary judgment in their favor as to liability as against defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority and Rene Joly, who are jointly and severally liable; and it is further

     **ORDERED** that the first affirmative defense of plaintiffs' culpable conduct in defendants' answer is stricken, and plaintiffs' motion is otherwise denied; and it is further

     **ORDERED** that defendants' cross motion for summary judgment dismissing the complaint as against defendant Luis Beltran Adames is **GRANTED**, the complaint is severed and dismissed as against Luis Beltran Adames, with costs and disbursements as against this defendant as taxed by the Clerk upon submission of an appropriate bill of costs, and the Clerk is directed to enter judgment in favor of defendant Luis Beltran Adames accordingly; and it is further

     **ORDERED** that the remainder of the action shall continue; and it is further

     **ORDERED** that the parties are directed to appear in person for a status conference in IAS Part 21, 80 Centre Street Room 280, New York, New York on **June 5, 2025** at **3 p.m.**

**155365/2022   SANCHEZ, JUANA ALMONTE ET AL vs. THE NEW YORK CITY TRANSIT**                    **Page 1 of 4**
**AUTHORITY ET AL**
**Motion No.  002**

1 of 4

[* 1]

In this action, plaintiffs allege that they were passengers on a bus operated by defendant Luis Beltran Adames, which was rear-ended by another bus operated by defendant Rene Joly.

Plaintiffs now move for partial summary judgment in their favor as to liability against defendants, and for a finding that defendants are 100% liable.

Defendants oppose plaintiffs' motion to the extent that plaintiff seeks summary judgment in their favor as against defendant Luis Beltran Adames. Defendants cross-move for summary judgment dismissing the complaint as against defendant Luis Beltran Adames. Plaintiffs take no position on the cross-motion.

In their affidavits, plaintiffs Juana Almonte Sanchez and Romulo Ramirez-Samboy each aver that, on April 2, 2021, they were passengers on a bus bearing license plate no. AT9025, which was struck in the rear by another bus bearing license plate no. AU 1032, while the bus was stopped at a bus stop on northbound Broadway, at its intersection with West 137th Street in Manhattan (*see* Exhibit A in support of plaintiffs' motion, Sanchez aff ¶ 1 [NYSCEF Doc. No. 28]; *see* Exhibit B in support of plaintiffs' motion, Ramirez-Samboy aff ¶ 1 [NYSCEF Doc. No. 29]). Sanchez states that, as she walked toward the rear of the bus to find a seat, the impact "caused me to fall hard to the ground on my back" (Sanchez aff ¶ 3). Ramirez-Samboy similarly states that he was walking with Sanchez to toward the rear to find a seat, and "[t]he impact caused me to fall hard to the ground" (Ramirez-Samboy ¶ 3).

In his affidavit, defendant Luis Beltran Adames states,

"My bus had been at a complete stop for approximately 2 minutes during which time passengers were getting on the bus. After the last passenger had gotten onto the bus, but before I had closed the door and while still stopped, my bus was struck from behind by another bus" (*see* Exhibit 3 in opposition and in support of defendants' cross-motion, Adames aff ¶ 3 [NYSCEF Doc. No. 42])

In defendants' answer, they admitted that defendant New York City Transit Authority (NYCTA) owned the bus bearing license plate number AU1032, and that the bus was operated by defendant Rene Joly, who was an employee of defendant Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) (*see* Exhibit D in support of plaintiffs' motion, answer ¶ 4 [NYSCEF Doc. No. 31]). Defendants also admitted that it owned the bus bearing license plate no. AT9025, which was operated by defendant Luis Beltran Adams, who was also a MABSOTA employee (*id.*). Lastly, defendants admitted that both had operated the buses with the permission of NYCTA and MABSTOA (*id.*).

155365/2022   SANCHEZ, JUANA ALMONTE ET AL vs. THE NEW YORK CITY TRANSIT                    Page 2 of 4
AUTHORITY ET AL
Motion No.  002

[* 2]

2 of 4

According to their bill of particulars, plaintiff Sanchez suffered, among other injuries, a left knee fracture of the medial patellar facet and a medial meniscus tear, and a rotator cuff tear of the right shoulder, along with lumbar and cervical spine injuries (*see* Exhibit E in support of plaintiffs' motion, bill of particulars ¶ 12 [NYSCEF Doc. No. 32]).

It has been well established in New York that a rear-end collision "with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" (*Cabrera v Rodriguez,* 72 AD3d 553, 553 [1st Dept 2010), while the driver of the lead vehicle, which was stopped, is presumed not negligent (*Giap v Pham*, 159 AD3d 484, 485 [1st Dept 2018]; *see also Soto-Maroquin v Mellet*, 63 AD3d 449, 450 [1st Dept 2009]).

Here, there is no dispute that bus operated by defendant Luis Beltran Adames was stopped at a bus stop when it was rear-ended by a bus operated by defendant Rene Joly. Thus, plaintiffs met their prima facie burden of establishing the negligence of defendant Rene Joly as a matter of law, and that Joly's negligence was a substantial factor in causing the collision.

As the NYCTA is the admitted owner of the vehicle operated by defendant Joly, who operated the bus with its permission, plaintiffs met their prima facie burden that the NYCTA is vicariously liable for Joly's negligence under Vehicle and Traffic Law § 388 (*see Murdza v Zimmerman*, 99 NY2d 375, 379 [2003]). As the incident occurred within the scope of Joly's employment, plaintiffs also met their prima facie burden that MABSTOA is vicariously liable for Joly's negligence under the doctrine of respondeat superior (*Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Ryga v New York City Tr. Auth.*, 17 AD3d 561, 562 [2d Dept 2005]).

In opposition, defendants argue that plaintiffs' motion for summary judgment should be denied because they attribute negligence to the defendants collectively, depositions have not been held, and that the evidence establishes that defendant Adames is not at fault (*see* affirmation of defendants' counsel in opposition and in support of cross-motion ¶¶ 19-24 [NYSCEF Doc. No. 39]).

As plaintiffs point out, summary judgment is not premature because information as to why Joly's bus rear-ended Adames' bus is within Joly's own personal knowledge (*see Stephenson v New York City Tr. Auth.*, 226 AD3d 546 [1st Dept 2024]; *Ahmad v Behal*, 221 AD3d 558, 559 [1st Dept 2023]). The mere hope that additional discovery may lead to sufficient evidence to defeat a summary judgment motion is insufficient to deny such a motion" (*Singh v New York City Hous. Auth.*, 177 AD3d 475, 476 [1st Dept 2019]).

Therefore, plaintiffs are granted partial summary judgment in their favor as to liability as against the NYCTA, MABSTOA, and Joly, who are jointly and severally liable.

**155365/2022   SANCHEZ, JUANA ALMONTE ET AL vs. THE NEW YORK CITY TRANSIT**                **Page 3 of 4**
**AUTHORITY ET AL**
**Motion No.  002**

3 of 4

[* 3]

To be clear, the determination of these defendants' fault as a matter of law on this motion does not include the issue of whether plaintiffs suffered a serious injury within the meaning of Insurance Law § 5102 (d), "which is a threshold matter separate from the issue of fault" (*Reid v Brown*, 308 AD2d 331, 332 [1st Dept 2003]).

The branch of plaintiffs' motion seeking a determination that defendants are "100% liable" is granted to the extent that plaintiffs are entitled to summary judgment dismissing the first affirmative defense of plaintiff's culpable conduct, based on plaintiffs' affidavits that established they were passengers who played no role in the operation of the bus operated by defendant Luis Beltran Adames.

However, summary judgment in plaintiffs' favor as to liability against defendant Metropolitan Transportation Authority (MTA) is denied. Plaintiffs did not submit any evidence either that the MTA owns the bus at issue, or that Joly was an employee of the MTA.[1]

Turning to defendants' cross motion, defendants are granted summary judgment dismissing the complaint as against defendant Luis Beltran Adames. Adames was the driver of a stopped vehicle that was rear-ended by the bus operated by defendant Joly. As discussed above, in rear end collisions, a presumption arises that the driver of the lead vehicle is not negligent, which plaintiffs did not contest.

20250311172852RTSAIC3B8E4C5A0B54900A44F284B4939F505

**3/11/2025**
**DATE**

**RICHARD  TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| MOTION | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| CROSS MOTION | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[1] Although not raised by defendants, the court notes that "[i]t is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility" (*Delacruz v Metropolitan Transp. Auth.*, 45 AD3d 482, 483 [1st Dept 2007]; *see also Archer v New York City Tr. Auth.*, 187 AD3d 564 [1st Dept 2020]).

**155365/2022   SANCHEZ, JUANA ALMONTE ET AL vs. THE NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  002**

**Page 4 of 4**

[* 4]