| |
|---|
| **Delva v Metropolitan Transp. Auth.** |
| 2025 NY Slip Op 31557(U) |
| April 30, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150012/2023 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. RICHARD TSAI**         PART                   21

*Justice*

-------------------------------------------------------------------------------X

DANIEL DELVA,

                    Plaintiff,

              - v -

THE METROPOLITAN TRANSPORTATION AUTHORITY,
THE CITY OF NEW YORK, MABSTOA, THE NEW YORK
CITY TRANSIT AUTHORITY, THE MTA BUS COMAPNY,
and DONAVAN ALLEN,

                    Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150012/2023 |
| MOTION DATE | 12/03/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 8, 24-32, 36-44

were read on this motion to/for           JUDGMENT - SUMMARY         .

Upon the foregoing documents, it is **ORDERED** that plaintiff's motion for partial summary judgment as to liability against defendants is **GRANTED TO THE EXTENT THAT** plaintiff is granted summary judgment in his favor as to liability against defendants New York City Transit Authority and Donavan Allen, who are jointly and severally liable; and it is further

**ORDERED** that the affirmative defenses of plaintiff's culpable conduct and the emergency doctrine in defendants' answer are stricken; and it is further

**ORDERED** that plaintiff's motion is otherwise denied; and it is further

**ORDERED** that, within 30 days after entry of this decision and order, plaintiff's counsel is directed to retrieve the compact disc containing the video footage from IAS Part 21, 80 Centre Street Room 280 and to preserve the video footage intact pending the outcome of any appeal of this decision and order, or if no appeal is taken, until after the time to appeal from this decision and order has expired.

In this action involving a motor vehicle collision, plaintiff testified at his deposition, that, on July 11, 2022,

> "I remember making a right turn after the light turned green and there was a bunch of vehicles in front of me, so I had to stop where I was at and so I put my hazardous [sic] lights on and a few seconds after that a bus made a turn and struck the vehicle" (plaintiff's exhibit B, plaintiff's EBT at 8, lines 17-19; at 21, lines 13-18 [NYSCEF Doc. No. 30]).

According to plaintiff, the non-driver's side of the bus made contact with the back driver's side of his vehicle, and the bumper "was smashed and hanging a bit" (*id.* at 22 line 14 through 23, line 3). Plaintiff testified that, upon impact, his left hand ricochetted a bit and his neck ricochetted back and to the left, causing his head to jolt back and to the left (*id.* at 23, lines 18-23).

According to a police accident report, the collision occurred on East 68 Street at its intersection with York Avenue, and the bus involved bore license plate BE3412 (*see* plaintiff's Exhibit A in support of motion [NYSCEF Doc. No. 29]). In defendants' answer, defendant New York City Transit Authority (NYCTA) admitted that it owned a bus bearing license plate number BE3412, and that its employee, defendant Donavan Allen, operated the bus within the scope of his employment and with the NYCTA's permission (*see* NYSCEF Doc. No. 8, answer ¶ 3).

Plaintiff has met the prima facie burden of establishing Allen's negligence and that Allen's negligence was a substantial factor in causing his injuries.

"It is well settled that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the collision" (*Madera v Charles Hukrston Truck, Inc.*, 235 AD3d 452 [1st Dept 2025] [internal quotation marks omitted]).

Video footage from camera IPC 09 of the bus indicates that the bus makes right turn and strikes rear of plaintiff's vehicle at around 7:09:04 p.m., and plaintiff's vehicle is clearly stopped. The video footage from that camera angle shows that there is a vehicle in front of the plaintiff's vehicle, in front of that vehicle is a yellow taxi, and in front of the taxi appears to be an ambulance, which is stopped in the plaintiff's lane of travel.



**150012/2023 DELVA, DANIEL vs. THE METROPOLITAN TRANSPORTATION AUTHORITY ET AL**     **Page 2 of 5**
**Motion No. 001**

[* 2]

(*see* plaintiff's Exhibit C in support of motion [NYSCEF Doc. No. 31]).[1]

As the NYCTA is the admitted owner of the vehicle operated by Allen with the NYCTA's permission, plaintiff met his prima facie burden that the NYCTA is vicariously liable for Allen's negligence under Vehicle and Traffic Law § 388 (*see Murdza v Zimmerman*, 99 NY2d 375, 379 [2003]). As the incident occurred within the scope of Allen's employment, NYCTA is also vicariously liable for Allen's negligence under the doctrine of respondeat superior (*Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Ryga v New York City Tr. Auth.*, 17 AD3d 561, 562 [2d Dept 2005]).

In opposition, defendants contend that plaintiff made an erratic right turn in front of the bus, which gave the bus operator little time to react (*see* affirmation of defendants' counsel in opposition ¶ 18 [NYSCEF Doc. No. 36]). In an unsworn accident report, Allen stated, "in the right lane to make a right turn a vehicle from the left lane cut around in front of the bus. As I'm turning, scanning my mirrors and surrounding [sic] vehicle stopped in a non-parking area" (*see* defendants' Exhibit A in opposition). Defendants argue that the video footage "indicates that traffic was free to move and there was no emergency or need for all vehicles on the road to stop" (affirmation of defendants' counsel in opposition ¶ 24).

Defendants fail to raise a triable issue of fact to overcome the presumption of negligence. Video footage from the forward camera of the bus does show that the plaintiff's vehicle edged in front of the bus at 7:08:15 p.m. and then stopped.



---

[1] Video footage was submitted on a CD-ROM.

**150012/2023 DELVA, DANIEL vs. THE METROPOLITAN TRANSPORTATION AUTHORITY ET AL** **Page 3 of 5**
Motion No. 001

3 of 5

However, at that time, both vehicles were stopped from 7:08:17 until 7:08:47 p.m. while vehicles were crossing in front. The forward camera then shows that, at 7:08:47 p.m., plaintiff's vehicle makes a right turn in front of bus without impact.



To the extent that defendants appear to argue that Allen "could have reasonably expected that traffic would continue unimpeded under the circumstances" (*Baez-Pena v MM Truck and Body Repair, Inc.*, 151 AD3d 473, 477 [1st Dept 2017] [internal quotation marks and citations omitted]), the video footage from camera IPC09 refutes that argument, as the vehicle in front of plaintiff's vehicle was stopped from 7:09:01 p.m. to 7:13:00 p.m. While the taxi had driven off at 7:09:13 p.m., the vehicle immediately front of plaintiff's vehicle had been stopped the entire time when the collision between the bus and plaintiff's vehicle had occurred.

Defendants' claim that plaintiff's vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part plaintiff (*Deliz v Davis*, 236 AD3d 587 [1st Dept 2025]). "[S]tops that are foreseeable under prevailing traffic conditions must be anticipated by the driver who follows, who is under a duty to maintain a safe distance between his vehicle and the lead vehicle" (*id.* quoting *Lambert v Bonilla*, 201 AD3d 502, 503 [1st Dept. 2022]). Contrary, to defendants' argument, it is absolutely foreseeable that plaintiff would have to stop his vehicle given the stopped traffic in front of him due to the double-parked ambulance.

> "The expectation of a driver operating a motor vehicle on a highway with normal conditions — that traffic will continue unimpeded — is not shared by one operating a motor vehicle on a local public municipal roadway, particularly within the City of New York. The operator of a motor vehicle traveling on a local public roadway within the City of New York must anticipate a variety of events, including a sudden stop by a vehicle in front of the operator's vehicle. Put simply, sudden stops on local public

**150012/2023   DELVA, DANIEL vs. THE METROPOLITAN TRANSPORTATION AUTHORITY ET AL**   **Page 4 of 5**
   **Motion No.  001**

4 of 5

[* 4]

roadways within the City of New York are imm[i]nently foreseeable, and the operator of a vehicle travelling on such a roadway should therefore expect that the flow of traffic will be interrupted" (*Animah,* 63 Misc 3d at 790 [Sup Ct, Bronx County 2019]).

Contrary to defendants' arguments, plaintiff's motion for summary judgment is not premature, as any explanation for why Allen rear-ended plaintiff's vehicle was already present within Allen's own personal knowledge (*see Stephenson v New York City Tr. Auth.*, 226 AD3d 546 [1st Dept 2024]; *Ahmad v Behal*, 221 AD3d 558, 559 [1st Dept 2023]).

Thus, plaintiff is granted summary judgment in his favor as to liability against the NYCTA and Allen. To be clear, the determination of their fault as a matter of law on this motion does not include the issue of whether plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d), "which is a threshold matter separate from the issue of fault" (*Reid v Brown*, 308 AD2d 331, 332 [1st Dept 2003]).

Plaintiff is also granted summary judgment dismissing the affirmative defenses of plaintiff's culpable conduct and the emergency doctrine. The bus video footage from camera IPC09 does not show that plaintiff had negligently operated his vehicle in any way. Plaintiff stopped his vehicle because of stopped vehicles in front of him in the plaintiff's lane of travel, and there is no argument that plaintiff had unreasonably stopped too far away from the other vehicle. "[T]he emergency doctrine typically is inapplicable to routine rear-end traffic accidents" (*Johnson v Phillips*, 261 AD2d 269, 271 [1st Dept 1999]).

Defendants' remaining arguments are unavailing.

Summary judgment in plaintiffs' favor as to liability against defendants Metropolitan Transportation Authority (MTA) and the MTA Bus Company is denied. Plaintiff did not submit any evidence either that the MTA or MTA Bus Company owns the bus at issue, or that Allen was an employee of the MTA or MTA Bus Company.[2]

20250430153433RTSAI6D25F54DCEE14466BB5E2A1378CCE99F

| 4/30/2025 | | | | RICHARD  TSAI, J.S.C. | |
|-----------|--|--|--|----------------------|--|
| **DATE** | | | | | |

| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|----------------|--|---------------|--|---|----------------------|--|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[2] Although not raised by defendants, the court notes that "[i]t is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility" (*Delacruz v Metropolitan Transp. Auth.*, 45 AD3d 482, 483 [1st Dept 2007]; *see also Archer v New York City Tr. Auth.*, 187 AD3d 564 [1st Dept 2020]).

**150012/2023   DELVA, DANIEL vs. THE METROPOLITAN TRANSPORTATION AUTHORITY ET AL          Page 5 of 5**
**Motion No.  001**